# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WAUSAU UNDERWRITERS INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED PLASTICS GROUP, INC., )<br>)<br>Defendant. ) | No. 04 C 6543<br><br>Judge John W. Darrah |
| THE OHIO CASUALTY INSURANCE COMPANY, )<br>)<br>Intervenor/Plaintiff, )<br>)<br>v. )<br>)<br>UNITED PLASTICS GROUP, INC., )<br>)<br>Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Wausau Underwriters Insurance Company, filed a declaratory judgment action against Defendant, United Plastics Group, Inc. ("UPG"), regarding an insurance coverage issue arising from a Texas lawsuit. Presently pending before the Court is Intervenor/Plaintiff's, Ohio Casualty's, Motion to Quash Notices of Deposition and For An Entry of Protective Order to prevent Microtherm, Inc. from taking "abusive discovery" of Ohio Casualty's lead counsel.

## BACKGROUND

In 2002, Microtherm filed suit against UPG, *inter alia*, in the 357th Judicial District Court of Cameron County, Texas. On October 8, 2004, Wausau filed the instant declaratory judgment lawsuit against UPG, seeking a declaration that UPG is not entitled to coverage under the Wausau

policies for the underlying *Microtherm* litigation.[1] Ohio Casualty was granted leave to intervene, seeking a declaration that it owes no coverage to UPG for the claims asserted by Wausau because: (1) the claims fall outside the insuring agreements, (2) the claims are excluded by the policies, and (3) the claims against Wausau do not exhaust the underlying Wausau coverage. In the alternative, Ohio Casualty seeks a declaration that UPG is not entitled to coverage because UPG failed to comply with the notice provisions of the Ohio Casualty policies.

In 2004, the Texas Court returned a verdict in Microtherm's favor in the amount of approximately $70 million in total damages and entered judgment against UPG in February 2005. UPG assigned its rights to indemnity under the Ohio Casualty policies to Microtherm, which has been granted leave to intervene in this action.

Microtherm's Amended Complaint in Intervention asserts several defenses and claims for relief: (1) Ohio Casualty's policies obligated Ohio Casualty to indemnify UPG with respect to the *Microtherm* lawsuit; (2) that Ohio Casualty's conduct constitutes a material breach of the insurance contracts; and (3) that Ohio Casualty acted in bad faith and willfully, vexatiously, and unreasonably failed and refused to indemnify UPG, failed to make a reasonable settlement offer, failed to negotiate in good faith, and failed to pay pursuant to the Ohio Casualty policies. Microtherm further alleged certain defenses, including lack of prejudice from late notice, if any, and ambiguity.

---

[1] Wausau and other insurers have settled their claims.

Microtherm served notice of its intent to depose Ohio Casualty's corporate representative(s) and its attorney, Daniel Schlessinger. In its 30(b)(6) deposition notice, Microtherm directed Ohio Casualty to designate a person or persons to testify on its behalf in the following:

> a) the coverage afforded under the policies of insurance such as the ones issued to United Plastics Group, Inc., which are the subject of this lawsuit;
>
> b) the investigation conducted by or on behalf of Ohio Casualty before it issued any denial of coverage or reservation of rights letters;
>
> c) the factual basis for the denial of coverage of any of the claims;
>
> d) attempts by the insured to get Ohio Casualty to defend and/or indemnify;
>
> e) conversations with the insured or its attorney regarding coverage issues, defenses and/or indemnity; and
>
> f) conversations with the primary carrier and/or its attorneys regarding settlement, defense and/or indemnity.

Ohio Casualty refused Microtherm's discovery request and filed the instant motion.

## ANALYSIS

Ohio Casualty argues that the notice of deposition directed to Schlessinger, Ohio Casualty's counsel, should be quashed because the information sought is irrelevant and privileged.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, deposing opposing counsel "is extremely problematic." *Johnstone v. Wabick*, 220 F. Supp. 2d 899, 901 (N.D. Ill. 2002) (*Johnstone*). A party must demonstrate: (1) the information sought is relevant to a major issue, (2) no other means for obtaining the information

3

exists, (3) the need for the information outweighs the inherent risks of deposing opposing counsel, and (4) the information sought is not privileged. *See Johnstone*, 220 F. Supp. 2d at 901; *SEC v. Buntrock*, 217 F.R.D. 441, 445 (N.D. 2003).

Here, Microtherm seeks the deposition of Schlessinger to discover facts relating to the coverage afforded under the policies, Ohio Casualty's pre-denial of coverage, the factual basis for the denial of coverage, attempts by UPG to get Ohio Casualty to indemnify, communications between UPG and Ohio Casualty regarding coverage issues, and communications between UPG's primary carriers and Ohio Casualty regarding settlement, defense and/or indemnity. This information sought is relevant to Microtherm's claims and defenses.

However, Microtherm has failed to demonstrate that there are no other means for obtaining the information. Microtherm has failed to demonstrate that only Ohio Casualty's counsel would be able to provide the information requested as opposed to a different Ohio Casualty representative who was involved in the denial of coverage. Furthermore, there is no showing that Microtherm could not obtain the information regarding communications between UPG and Ohio Casualty from UPG.

Based on the above, the deposition notice directed to Schlessinger is quashed.

Ohio Casualty also seeks to quash the notice of deposition directed to a designated representative of Ohio Casualty. Ohio Casualty argues that the information sought is irrelevant and protected by the work-product privilege. As stated above, the information sought is relevant to Microtherm's claims and defenses. Furthermore, Ohio Casualty's blanket statement that any information regarding Ohio Casualty's coverage decision is protected from disclosure because it would reveal Ohio Casualty's legal position is unavailing. Parties cannot insulate from discovery the factual information gathered through an investigation. *See Allendale Mutual Ins. Co. v. Bull*

*Data Sys., Inc.*, 1993 WL 20164 (N.D. Ill. Jan. 27, 1993) (insurance company could not claim that everything learned during the counsel-directed investigation into the fire was protected by the work-product doctrine).

## CONCLUSION

For the reasons stated above, Ohio Casualty's Motion to Quash Notices of Deposition and For An Entry of Protective Order is granted in part and denied in part. The notice of deposition directed to Schlessinger is quashed.

Dated: November 22, 2005

JOHN W. DARRAH
United States District Judge

5